IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

STATE FARM FIRE AND
CASUALTY COMPANY,

      Civ. No. 6:19-cv-01100-AA

    Plaintiff and
    Counterclaim Defendant,   **OPINION & ORDER**

  v.

CRAIG JENSEN; MARK A. FALBY;
WELLS FARGO BANK NA #708,

    Defendants,

   and

MARK A. FALBY,

    Counterclaim Plaintiff.

_____

AIKEN, District Judge.

   On May 23, 2022, this Court granted Plaintiff State Farm's Motion for Summary Judgment and granted Defendant Mark Falby's Motion for Partial Summary Judgment as to attorney fees but otherwise denied the Motion. ECF No. 88. This case comes before the Court on Falby's Motion for Attorney Fees and Bill of Costs. ECF No. 90. For the reasons set forth below, the motion is GRANTED.

**DISCUSSION**

The prevailing party is entitled to recover attorney fees where a statute so provides. Fed. R. Civ. P. 54. In the Court's previous Opinion & Order ("O&O"), ECF No. 88, the Court found that Plaintiff was entitled to attorney fees under ORS 742.061(1) for Coverage A under the Policy. O&O, at 29-30.

For attorney fees awarded pursuant to Oregon statute, ORS 20.075 establishes factors for courts to considered in determining the size of the award.[1] Under ORS 20.075(1), courts are directed to consider: (a) the "conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal,"; (b) the objective reasonableness of the claims and defenses asserted by the parties; (c) the extent to which an award of an attorney fee in the case would deter other from asserting good faith claims or defenses in similar cases; (d) the extent to which an award of an attorney fee in the case would deter other from asserting meritless claims and defenses; (e) the objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings; (f) the objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute; (g) the amount the court has awarded as a prevailing party fee under ORS 20.190;

---

[1] ORS 20.075(1) provides factors to consider in determining whether to award attorney fees when the award of fees is discretionary, but ORS 20.075(2) provides that, in determining the amount of fees, courts are to consider both the factors laid out in ORS 20.075(1) and the additional factors in ORS 20.075(2). *See Beck v. Met. Prop. & Cas. Ins. Co.*, Case No. 3:13-cv-00879-AC, 2016 WL 4978411, at *12 (D. Or. Sept. 16, 2016) (discussing the dual application of ORS 20.075(1)).

and (h) "[s]uch other factors as the court may consider appropriate under the circumstances of the case." ORS 20.075(1).

The statute also lays out a number additional factors that must be considered in determining the amount of fees:

> (a) The time and labor required in the proceedings, the novelty and difficulty of the questions involved in the proceeding and the skull needed to properly perform the legal services;

> (b) The likelihood, if apparent to the client, that the acceptance of the particular employment by the attorney would preclude the attorney from taking other cases.

> (c) The fee customarily charged in the locality for similar legal services.

> (d) The amount involved in the controversy and the results obtained.

> (e) The time limitations imposed by the client or the circumstances of the case.

> (f) The nature and length of the attorney's professional relationship with the client.

> (g) The experience, reputation and ability of the attorney performing the services.

> (h) Whether the fee of the attorney is fixed or contingent.

> (i) Whether the attorney performed the services on a pro bono basis or the award of attorney fees otherwise promotes access to justice.

ORS 20.075(2).

Here, the parties do not dispute the hourly rate claimed by Falby's counsel or legal assistant. Pl. Resp. 9. ECF No. 96. Upon review, the Court concludes that the claimed rate is reasonable.

## I.     ORS 20.075(1) Factors

First, the Court considers whether the "conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal." ORS 20.075(1)(a). The parties dispute whether State Farm's failure to pay mortgagee runs contrary to this factor. Here, given the unique circumstances of the case, the Court does not find that State Farm's pre-litigation actions were in bad faith, but arose from a genuine dispute. The Court concludes that this factor is neutral.

Next, the Court considers the objective reasonableness of the claims and defenses asserted by the parties. ORS 20.075(1)(b). The Court concludes that State Farm's claims and defenses were not objectively unreasonable. And although Falby did not prevail on the matter, the Court declines to find that Falby's claims and defenses, particularly with respect to recovering for Jensen, were objectively unreasonable.

The parties agree that ORS 20.075(1)(c) ("The extent to which an award of an attorney fee in the case would deter others from asserting meritless claims or defenses in similar cases.") and (d) ("The extent to which an award of an attorney fee in the case would deter others from asserting meritless claims and defenses.") are neutral. Def. Reply Br. 3.

For the fifth factor, the "objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings," ORS 20.075(1)(e),

the Court concludes that the parties were reasonable and diligent during the proceedings and that this factor does not provide a basis to reduce the requested fee.

The sixth factor concerns the "objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute." ORS 20.075(1)(f). Here, the parties engaged in multiple rounds of good faith settlement negotiations and they were reasonable and diligent in their efforts, despite being unable to come to a resolution. The parties simply required the Court's ruling to resolve their dispute.

The parties agree that the seventh factor, the "amount that the court has awarded as a prevailing party fee," ORS 20.075(1)(g) does not apply. The Court finds no other factors requiring consideration under ORS 20.075(1)(h) and so shall proceed to consideration of the ORS 20.075(2) factors.

## II.    ORS 20.075(2) Factors

The ORS 20.075(2) factors "are frequently captured by the 'lodestar' approach," under which "a fee award is based on a reasonably hourly rate, multiplied by a reasonable number of hours devoted to work on the case, with certain adjustments potentially made to that amount for factors such as the risk of loss and the quality of the attorney's work." *Friends of the Columbia Gorge v. Energy Facility Sitting Council*, 367 Or. 258, 267 (2020) (internal quotation marks and citation omitted). "What constitutes reasonable attorney fees is within the sound discretion of the court ordering the fee award." *Id.*

The parties agree that ORS 20.075(2)(b) (the "likelihood, is apparent to the client, that the acceptance of the particular employment by the attorney would preclude the attorney from taking other cases,") and ORS 20.075(2)(f) (the "nature and length of the attorney's professional relationship with the client,") do not apply. ORS 20.075(2)(i) ("Whether the attorney performed the services on a pro bono basis or the award of attorney fees otherwise promotes access to justice,") also does not apply. State Farm does not dispute the rate claimed by Falby's counsel for purposes of ORS 20.075(2)(c) and (g). The Court concludes that ORS 20.075(2)(e) (the "time limitations imposed by the client or the circumstances of the case,") is neutral. Falby affirms that his attorney's representation was entirely contingent. The Court concludes, therefore, that ORS 20.075(2)(h) favors Falby.

The parties present the bulk of their dispute in the context of ORS 20.075(2)(a), which concerns the "time and labor required in the proceeding, the novelty and difficulty of the questions involved in the proceeding and the skill needed to properly perform the legal services."

Here, the circumstances of the case were unusual and complicated. They involved the interaction of criminal charges against an insured, criminal restitution, divorce, insurance coverage, and potential mortgage default. This weighs in favor of the requested fee. The Court notes that, consistent with the Court's ruling, Falby's attorneys have eliminated hours that were attributable to Falby's claim for the contents of the property. Taylor Decl. ¶¶ 13-14, ECF No. 91; Gower Decl. ¶ 11. ECF No. 92.

With respect to the claimed hours, State Farm argues that Falby's counsel have inadequately documented their time and engaged in improper block billing. Read in conjunction with the accompanying Taylor and Gower Declarations, which explain changes in firms during the life of this case, the billing entries are not difficult to parse. Upon careful review of the time records, the Court does not find any instances of improper block billing. In entries where multiple tasks are billed, the logs record the time spent on each task.

State Farm also argues that Falby has billed excessive hours in this case. In particular, State Farm objects to time billed by two attorneys working together on the case, but the Court concludes that such an arrangement is not unreasonable in this case. State Farm also objects to time spent by Falby's attorneys conferring with the other attorneys involved in the case, including Jensen's criminal and civil attorneys, divorce counsel, and the attorneys for the mortgagors in this case. The unusual circumstances of this case made such communication necessary and conferral with those attorneys was required to resolve the claims between State Farm and Falby. The Court declines to reduce Falby's attorney's hours on that basis.

State Farm objects to time billed by Falby's attorney's student clerk, Duncan Kirk, pointing out that the time billed by Mr. Kirk was accrued after the summary judgment motions were fully briefed and it is not clear what, if anything, Mr. Kirk contributed to the resolution of this matter. The Court concurs and will reduce the fee award by $2,842.80 to account for the hours claimed for Mr. Kirk.

The Court otherwise finds that the hours claimed by Falby's counsel are reasonable. The Court therefore GRANTS Falby's Motion for fees and awards a total of $187,102.30.[2]

### III.    Costs

Falby also seek an award of costs amounting to $450 for the filing fee and $5 for service of summons. In its Response brief, State Farm does not dispute these costs. Under 28 U.S.C. § 1920, the Court may tax as costs the fees for filing. Courts must limit an award of costs to those defined in 28 U.S.C. § 1920 unless otherwise provided for by statute. *Grove v. Wells Fargo Fin. Cal., Inc.*, 606 F.3d 577, 579-80 (9th Cir. 2010). The Court awards Plaintiff costs in the amount of $455.

### CONCLUSION

For the reasons set forth above, Defendant Mark A. Falby's Motion for Attorney Fees and Cost Bill, ECF No. 90, is GRANTED. Defendant is awarded attorney fees in the amount of $187,102.30 and costs in the amount of $455.

It is so ORDERED and DATED this ____14th____ day of March, 2023.

 /s/Ann Aiken
Ann Aiken
United States District Judge

---

[2] This accounts for the original fee request of $186,480.10, less the $2,842.80 claimed for Mr. Kirk, plus $3,465.00 for fees-on-fees accrued in litigating the present motion.